IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DENNIS McCARTER                         )
and ROZIE McCARTER,                     )
                                        )
            Plaintiff,                  )   TC-MD 150346C
                                        )
      v.                                )
                                        )
DEPARTMENT OF REVENUE,                  )
State of Oregon,                        )
                                        )
            Defendant.                  )   **FINAL DECISION**

This Final Decision incorporates without change the court's Decision, entered

November 12, 2015. The court did not receive a statement of costs and disbursements within 14

days after its Decision was entered. *See* TCR-MD 16 C(1).

Plaintiffs appealed Defendant's Notice of Proposed Refund Denial, dated July 9, 2014,

for the 2007 tax year. At the case management conference held via telephone on July 13, 2015,

the parties agreed to resolve the appeal by summary judgment motions. The parties' Joint

Stipulation as to Material Facts was filed August 18, 2015. Defendant filed its Motion for

Summary Judgment on September 2, 2015. Plaintiffs filed their Response to Motion for

Summary Judgment on September 25, 2015. Neither party requested oral argument, nor was one

held.

I. STATEMENT OF FACTS

The parties stipulated to the following facts:

"1. April 15, 2008: Plaintiffs filed their 2007 California Form 540 resident income tax
    return.

"2. April 18, 2008: Plaintiffs filed their 2007 Oregon Form 40N nonresident income tax
    return, which included payment of $28,373 to the State of Oregon with this filing.

"3. June 3, 2011: The California Franchise Tax Board issued a Notice of Proposed Assessment for tax year 2007 to Plaintiffs.

"4. November 4, 2013: A refund request for tax year 2007 was sent to Defendant on behalf of Plaintiffs by William A. Leonard, CPA.

"5. December 5, 2013: An untitled appeal response letter was issued to Plaintiffs by the Executive and Advocate Services of the California Franchise Tax Board.

"6. July 9, 2014: Defendant issued a Notice of Proposed Refund Denial to Plaintiffs.

"7. March 6, 2015: A Notice of Refund Denial was issued to Plaintiffs by Defendant.

"8. April 17, 2015: A Monthly Reminder Notice was issued by the California Franchise Tax Board, which included a balance summary stating payments of $16,100.96 were made for Plaintiffs' 2007 tax year. Plaintiffs assert that these payments were applied to assessed tax, interest, and fees that were due, and that the Monthly Reminder Notice accurately reflects Plaintiffs' commitment to making payments of $500 per month under an installment agreement with the Franchise Tax Board which will continue until the 2007 tax liability is paid in full."

(Stip Facts at 1–2.)

## II. ISSUE

The issue before the court is whether Plaintiffs timely filed their request for refund with Defendant.

## III. ANALYSIS

The court's standard for granting motions for summary judgment is stated in Tax Court Rule (TCR) 47 C:

"The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

/ / /

/ / /

The general rule found in ORS 314.415(2) is that the Department of Revenue (department) has a limit of three years from the date a return is filed to issue a taxpayer a refund.[1] That time period is altered in certain situations. ORS 314.380(2)(b) speaks to "a change or correction made * * * by the taxing authority of another state," and provides that "[n]otwithstanding the limitations of ORS 314.415, a claim for refund under this paragraph shall be deemed timely if received by the department within two years after the federal or other state correction was made." Subsection (3)(a) of ORS 314.380 provides that "[a] change or correction of a taxpayer's taxable income is deemed to be made on the date of the audit report making the change or correction[.]"

The question that arises is what constitutes "the date of the audit report making the change or correction." ORS 314.380(3)(a). Defendant insists the deemed date of the audit report, as that term is used in ORS 314.380(3)(a), "clearly points to the issuance of the Notice of Proposed Assessment," which in this case was June 3, 2011. (Def's Mot Summ J at 2.) Plaintiffs insist that any change by another state must be finalized before the two-year extension on refund limitations begins to run.

Defendant asserts that in *Department of Revenue v. Washington Federal, Inc.* (*Washington Federal*), 20 OTR 507, 518 (2012), this court determined that " '*proposed changes*' from another state are the act which triggers extension of statutory limits." (Def's Mot Summ J at 2 (emphasis added).) In *Washington Federal*, the issue was whether an Arizona notice of proposed assessment triggered the extended two-year limitations period under ORS 314.410 and 314.380 for the department to issue a notice of deficiency. The court repeatedly referred to "proposed" changes in its reasoning, and, in a footnote, stated: "It is only a proposed change that

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

is needed to trigger the extension provisions of the limitations period." *Washington Federal*,

20 OTR at 511 n 11 (citing ORS 314.380(3)(a)). The court expostulated further, stating that

even if a proposed change were "abandoned by a sister state or defeated by the taxpayer * * * the

time period for assessment of deficiencies by Oregon [would be] extended." *Id*. Defendant's

reliance on *Washington Federal* is well placed. A proposed change by another state is a "change

or correction" that triggers the two-year extension for claiming a refund provided by

ORS 314.380(2)(b). The court here sees no reason to adopt a different interpretation with regard

to refunds allowed under ORS 314.415 than that which applies to deficiencies authorized by

ORS 314.410.

If, for the sake of argument, the court were to accept Plaintiffs' theory that another state's

change must be final before Oregon's statute of limitations is extended, the stipulated facts in

this case show that Plaintiffs' appeal would still have been untimely. Plaintiffs argue that their

California return did not become final until California's Executive and Advocate Services issued

a letter on December 5, 2013. (Ptfs' Resp at 2.) However, that letter shows on its face that it

was written after California's proposed changes to Plaintiffs' return became final—indeed, the

letter states that it was written after California had seized Plaintiffs' bank accounts to pay a

portion of their tax owing. (Compl, Ex E.) The letter stated:

> "[W]e issued a *Notice of Proposed Assessment* (NPA) on 06.03.2011, where we
> corrected your return. * * *.
>
> "The NPA advised you to file a protest by 08.02.2011 if you disagreed
> with our assessment. * * *. We have no record of receiving your timely protest.
> Therefore, our assessment *became* final and collectible. * * *."

(*Id*.) (Second emphasis added.) The contents of the letter quoted above are consistent with

sections 19041 and 19042 of California's Revenue and Taxation Code, which provide that a

proposed deficiency assessment becomes final 60 days after it is issued if no protest is filed—

here, on August 2, 2011. As stipulated by the parties, Plaintiffs' Oregon refund request was filed more than two years later, on November 4, 2013. Even under Plaintiffs' theory of the law—which the court does not accept—their refund request was untimely.

## IV. CONCLUSION

The court concludes that "no objectively reasonable juror" could find that Plaintiffs' Oregon refund request was filed within two years after California issued them a Notice of Proposed Assessment, which was a "change or correction" under ORS 314.380(2)(b). *See* TCR 47 C. Plaintiffs' refund request was therefore untimely. Accordingly, there is no genuine issue as to any material fact and Defendant is entitled to prevail as a matter of law. *See id*. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted. Defendant's denial of Plaintiffs' 2007 claim for refund is upheld.

Dated this ____ day of November 2015.

DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on November 30, 2015.*